GEORGIA RAILROAD & BANKING COMPANY *v.* CROSS-
LEY & COMPANY.

A sells to B an article, and contracts with a carrier to transport it at a given rate of freight. It is agreed between A and B that B shall pay the freight bills and deduct from the purchase-price the amount so paid. The carrier delivers the article to B and collects from him a higher rate than that agreed on; B credits on the purchase-price the amounts so paid. At the time of payment B is ignorant of the terms of the agreement between A and the carrier, and A has no notice that a higher rate than that agreed on has been demanded of B. *Held,* that A is entitled to recover of the carrier the difference between the rate agreed on and the rate actually collected.

Submitted February 25,—Decided April 10, 1907.

Complaint. Before Judge Roan. DeKalb superior court. Feb-
ruary 1, 1906.

Crossley & Company sued the railway company, alleging that they
had made a contract for the shipment of granite from a point on
the defendant's line to Columbus, Ga., at a given rate, the granite
to be shipped to Elledge & Norman, who were to pay the freight
bills at Columbus and deduct from the price of the stone sold them
the amount so paid; and that the defendant charged a higher rate,
which was paid by Elledge & Norman upon presentation of the
freight bills. The suit is brought to recover the difference between
the alleged contract price and the amount paid. The defendant,
in its answer, denied that it made a contract for any other rate of
freight than that actually charged and collected. It also pleaded
that Elledge & Norman were the agents of the plaintiffs, and, the
payments having been made voluntarily, no recovery could be had
for the alleged overcharge. At the trial the judge directed a ver-
dict in favor of the plaintiffs. The defendant made a motion for
a new trial, which contained the general grounds and three addi-
tional ones. At the hearing of the motion counsel for the defend-
ant, in writing, abandoned all of the grounds except those that
raised the question "as to whether the plaintiffs were bound by the
acts of Elledge & Norman as their agents in paying the freight."
The judge overruled the motion, and the defendant excepted.

*Joseph B. & Bryan Cumming* and *M. A. Candler,* for plaintiff in
error.

*R. W. Milner,* contra.

COBB, P. J. (After stating the facts.) When a claim is paid by a person against whom it is asserted, through ignorance of law, or where all of the facts are known and there is no misplaced confidence, nor artifice, deception, or fraudulent practice used to bring about the payment, it is deemed voluntary, and can not be recovered back, unless made under an urgent and immediate necessity therefor. Civil Code, §3723. Under the stipulations in the record, only one question is to be determined in this case, and that is, whether the judge erred in holding that the case was not in the rule above referred to. For the purposes of this decision it is to be conceded that an overcharge in freight had been collected by the railroad company, and the question is whether, at the time of the payment, all of the facts were known so as to defeat a recovery. At the time the payment was made by Elledge & Norman they did not know of the agreement for the reduced rate of freight, nor did the plaintiffs know that the railroad company had violated the agreement. Under the agreement between plaintiffs and Elledge & Norman, the freight was to be paid by the latter and the amount credited upon the purchase-price of the stone, and not until long after the freight was paid, when bills were rendered to the plaintiffs, did they have knowledge that the rate of freight collected was not that which had been agreed upon. Whether Elledge & Norman be styled agents of the plaintiffs in reference to the freight, or not, it is manifest, from the evidence, that they were authorized by the plaintiffs to pay the freight on the granite shipped to them. If the railroad company made an agreement with the plaintiffs for a reduced rate of freight (and for the purposes of this case such an agreement must be treated as having been made, there being no question before us now as to the legality of this transaction) the plaintiffs had a right to assume that the defendant would comply with its agreement. While it might have been well for the plaintiffs to have notified Elledge & Norman in reference to the special agreement about the rate, it does not lie in the mouth of the defendant to say that notice should have been given for the reason that it might see fit to violate its agreement. Elledge & Norman knew nothing in reference to the reduced rate. In order to bring this case within the rule which counsel for the defendant contends is applicable, it would be necessary to assume that the plaintiffs knew that the agreement as to the rate had been violated; such knowledge

being brought about by the fact that Elledge & Norman had paid the increased rate at the time when the stone was delivered. We do not think the circumstances of the case are such as to authorize a holding that at the time the payment was made, all of the facts were known, so as to defeat a recovery by the plaintiffs for the breach of the contract made between them and the defendant.

Judgment affirmed. *Fish, C. J., absent. The other Justices concur.*